**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PORFIRIA GONZALEZ-MEDINA, | No.   15-70258 |
| Petitioner, | Agency No. A098-177-787 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 4, 2017
San Francisco, California

Before:  CLIFTON and OWENS, Circuit Judges, and BUCKLO,** District Judge.

Porfiria Gonzalez-Medina, a native and citizen of Mexico, petitions for

review of a final order of removal issued by the Board of Immigration Appeals

("BIA") on her application for withholding of removal under the Immigration and

Nationality Act ("INA"), § 241(b)(3)(A), as amended, 8 U.S.C. § 1231(b)(3)(A),

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Elaine E. Bucklo, United States District Judge for the Northern District of Illinois, sitting by designation.

and the Convention Against Torture ("CAT"). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

Because the BIA issued a written opinion, we review that opinion. *See Morgan v. Mukasey*, 529 F.3d 1202, 1206 (9th Cir. 2008). But, insofar as the BIA relied on the IJ's opinion as a statement of reasons, we look to the Immigration Judge's ("IJ") decision "as a guide to what lay behind the BIA's conclusion." *Kozulin v. I.N.S.*, 218 F.3d 1112, 1115 (9th Cir. 2000). We review the BIA's decision for substantial evidence. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

Substantial evidence supported the BIA's conclusion that Gonzalez-Medina was not entitled to withholding of removal under § 241(b)(3)(A) because her treatment in Mexico did not rise to the level of persecution and because she did not establish that internal relocation in Mexico was unreasonable.

This court's decision in *Gonzalez-Medina v. Holder* forecloses consideration of any harm Gonzalez-Medina suffered in the United States in determining whether she experienced past persecution. 641 F.3d 333, 338 (9th Cir. 2011) (denying Gonzalez-Medina's previous application for asylum and withholding of removal because "past persecution must have occurred in the proposed country of removal"). And in Mexico, Gonzalez-Medina had only one interaction with her husband where he made death threats to her and her family, pressed a stick to her

2

neck, and threw rocks at her mother. The BIA's decision that Gonzalez-Medina did not experience persecution in Mexico was therefore based on substantial evidence. *See Prasad v. I.N.S.*, 47 F.3d 336, 339-40 (9th Cir. 1995) (holding a single beating was not past persecution); *Gu v. Gonzales*, 454 F.3d 1014, 1020-21 (9th Cir. 2006) (same). We also reject Gonzalez-Medina's claim that the U.S. harm, while not in itself persecution, provides context that elevates the single instance of harm in Mexico to persecution. When we base persecution findings on "cumulative effect" we do so by finding that many events taken together amount to persecution, not that numerous events transform a single incident into persecution. *See, e.g.*, *Mashiri v. Ashcroft*, 383 F.3d 1112, 1120-21 (9th Cir. 2004) ("We need not and do not decide whether any one of [petitioner's] experiences would be enough, standing alone, to establish past persecution."); *see also Singh v. I.N.S.*, 134 F.3d 962, 967 (9th Cir. 1998); *Surita v. I.N.S.*, 95 F.3d 814, 819 (9th Cir. 1996).

The BIA's conclusion that Gonzalez-Medina did not meet her burden to prove internal relocation was unreasonable was also supported by substantial evidence: she lives far from the hometown of her husband, the single person she fears. *Cf. Mashiri*, 383 F.3d at 1122-23 (finding internal relocation unreasonable when petitioners feared Neo-Nazi anti-foreign sentiment throughout the country); *Singh v. Moschorak*, 53 F.3d 1031, 1034 (9th Cir. 1995) (recognizing safe places

3

may not exist if the petitioner fears the government's acts because the government's reach is countrywide).

We also affirm the BIA's conclusion that Gonzalez-Medina was not entitled to withholding of removal under the CAT. Although the agency, not having the benefit of *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc), at the time of its decision, incorrectly placed the burden on Gonzalez-Medina to prove that internal relocation was unreasonable, substantial evidence supported the BIA's independently dispositive finding that Gonzalez-Medina failed to establish government acquiescence in the torture she fears. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017) (finding sufficient state action before remanding to correct misallocation of the burden).[1]

**PETITION FOR REVIEW DENIED.**

---

[1] Gonzalez-Medina's motion for judicial notice, filed on December 29, 2015, is granted.